UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BENJAMIN J. BENFORD,

        Defendant,

and

RIVER ROUGE BOARD OF EDUCATION
and SCHOOL DISTRICT OF THE CITY OF
RIVER ROUGE,

        Garnishees.
                                            /

No. 05-X-74755

District Judge Victoria A. Roberts

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION RE: GARNISHMENT**

Defendant Benjamin J. Benford has filed objections to and requested a hearing on a continuing writ of garnishment [*see* Docket #8, Defendant's Request for Hearing]. The matter was referred to the undersigned on March 1, 2000, and a hearing was held on April 3, 2007.[1]  For the reasons set forth below, I recommend that the Defendant's objections to garnishment be DENIED.

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

## I.   FACTS

On September 2, 2005, Defendant was sentenced to a term of 15 months imprisonment, to be followed by a two-year term of supervised release, for the offense of conspiracy to interfere with commerce by extortion, in violation of 18 U.S.C. §1951. *United States v. Benford*, case no. 03-80394, document #113 (judgment). He was also ordered to pay a fine of $5,000.00 and restitution of $23,205.00.

The government sought writs of continuing garnishment as to his State of Michigan pension benefits as well as to any settlement or judgment he might receive as the result of a pending state court lawsuit against his former employer, the River Rouge Board of Education and School District. Defendant stated at the hearing that his pension benefits are approximately $4,800.00 per month, of which 25%, or approximately $1,200.00, is being garnished.

## II.   ANALYSIS

### A.   The Pension Benefits

In *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990), the Supreme Court recognized that absent some exception, the anti-alienation provision of ERISA, 29 U.S.C. § 1056(d)(1), bars garnishment of pension benefits in an ERISA qualified plan. However, in *United States v. Tyson*, 242 F.Supp.2d 649 (E.D. Mich. 2003), the Court found that the Federal Debt Collections Procedures Act (FDCPA), 18 U.S.C. § 3613, carves out an express exception to the anti-alienation clause of ERISA, and that because an order of restitution in a criminal case is the equivalent of a tax

liability under the FDCPA, it is also an exception to the anti-alienation provision of the Internal Revenue Code, 26 U.S.C. § 401(13)(A):

> "Accordingly, this Court holds that 18 U.S.C. § 3613 is an express statutory exception to the anti-alienation provision of ERISA found at 29 U.S.C. § 1056(d)(1) as well as the corresponding provision of the Internal Revenue Code found at 26 U.S.C. § 401(13)(A). In order to enforce the criminal restitution order in Ms. Tyson's case, the government is therefore entitled to a writ of garnishment against her interest in the Ford Motor Company Retirement Trust." 242 F.Supp.2d at 474.

Accord, *United States v. Novak*, 476 F.3d 1041,1057 (9th Cir. 2007)(en banc); *United States v. James*, 312 F.Supp.2d 802, 805 (E.D. Va. 2004).

In this case, the Defendant has not identified any other exemption that would preclude garnishment of his State of Michigan retirement benefits. Therefore, his objections should be denied.

### B. The State Court Lawsuit

Defendant has a pending state court suit against his former employer (which was also the complaining witness in the underlying criminal case). A cause of action is considered an intangible property right. *See In re Stinson*, 221 B.R. 726, 730 (E.D. Mich. 1998); *In re GeneSys, Inc.*, 273 B.R. 290, 292 (D. Colo. 2001). Under Michigan law, intangible property is subject to garnishment proceedings. M.C.R. 3.101(G)(1)(h); *Nationsbanc Mortgage Corp. of Georgia v. Luptak*, 243 Mich.App. 560, 564-65, 625 N.W.2d 385 (2000). Therefore, Plaintiff is entitled to a writ of garnishment against any recovery that Defendant might have in the pending civil suit, and Defendant's objection to such garnishment should be denied.

### III.    CONCLUSION

I recommend that Defendant Benjamin Benford's objections to garnishment [Docket #8] be DENIED, and that writs of garnishment be permitted both as to Defendant's pension benefits and his pending state court lawsuit.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                        S/R. Steven Whalen
                        R. STEVEN WHALEN
                        UNITED STATES MAGISTRATE JUDGE

Dated: April 5, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 5, 2007.

                        S/G. Wilson
                        Judicial Assistant